In the Matter of MITCHEL A. COSNETT, Petitioner, v MICHAEL E. DALEY, as Acting Oneida County Court Judge, et al., Respondents. [811 NYS2d 837]—

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to prohibit petitioner's prosecution in the Oneida County Court on an indictment charging petitioner with, inter alia, assault in the second degree.

It is hereby ordered that said petition be and the same hereby is unanimously dismissed without costs.

Memorandum: Petitioner commenced this original CPLR article 78 proceeding seeking, on double jeopardy grounds, to prohibit his prosecution in Oneida County Court on an indictment charging him with, inter alia, one count each of assault in the second degree (Penal Law § 120.05 [4]) and vehicular assault in the second degree (§ 120.03 [1], [2]) and two counts of operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [2], [3]). Although the remedy of prohibition is available to bar prosecution on double jeopardy grounds (*see generally Matter of Plummer v Rothwax*, 63 NY2d 243, 249 n 4 [1984]), we reject the contention of petitioner that double jeopardy applies to the indictment at issue herein.

Petitioner was arrested following a motor vehicle accident in which he and one of the passengers in the vehicle driven by petitioner were injured. He was charged in local court with driving while intoxicated as a misdemeanor (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [b]) and the traffic infraction of failure to keep right (§ 1120 [a]), and he was directed to appear in local court on March 9, 2005. The People sent a letter to petitioner and the local court seeking an adjournment to allow presentation of the charges to a grand jury. After receipt of the letter, petitioner rescheduled the court appearance in local court to March 2, 2005. According to the prosecutor assigned to the case, petitioner was aware that no prosecutor would be available to appear in local court on that date. Petitioner appeared in local court on March 2, 2005 and, in the absence of a prosecutor, he pleaded guilty to the charges that were then pending and was sentenced to a fine.

Contrary to the contention of petitioner, double jeopardy does not bar his prosecution on the greater offenses on the ground that he pleaded guilty to a lesser offense, i.e., driving while intoxicated as a misdemeanor, and was sentenced thereon. Although as a general rule a person may not be prosecuted separately for two offenses based upon the same act or criminal transaction (*see* CPL 40.20 [2]), "a person is not deemed to have been prosecuted for an offense, within the meaning of section 40.20, when . . . [s]uch prosecution was for a lesser offense than could have been charged under the facts of the case, and

the prosecution was procured by the defendant, without the knowledge of the appropriate prosecutor, for the purpose of avoiding prosecution for a greater offense" (CPL 40.30 [2] [b]). Under those circumstances, the procurement of the prosecution on a lesser offense will not bar the subsequent prosecution on a greater offense (*see People v Dishaw*, 54 AD2d 1122 [1976]).

A person procures a prosecution to a lesser offense when he induces the local court, "before the District Attorney has entered the picture, to accept a guilty plea and enter a conviction for a relatively minor offense as a means of foreclosing the possibility of a prosecution for a more serious offense in superior court" (*Matter of Corbin v Hillery*, 74 NY2d 279, 286 [1989], *affd sub nom. Grady v Corbin*, 495 US 508 [1990]). "Thus, it is a principal requirement for the application of CPL 40.30 (2) (b) that the prior prosecution have been procured 'without the knowledge of the appropriate prosecutor' " (*id.*). Petitioner's contention that the prosecutor had actively participated in the prosecution in local court by sending a notice of readiness and a CPL 710.30 notice is without merit. Those notices were deemed withdrawn when the prosecutor requested an adjournment to allow presentation of the charges to a grand jury. Petitioner was aware of that request and the likelihood of grand jury action when he rescheduled the case in local court to a date upon which no prosecutor was scheduled to be present in that court. We conclude that petitioner procured the prosecution on the lesser offense in local court with the intent to avoid prosecution on the greater offenses, and consequently petitioner's earlier plea of guilty does not bar prosecution on the indictment at issue. Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Hayes, JJ.